IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BENJAMIN NELSON                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:15-CV-26-SA-DAS

REED SPARKS, individually,
ERIC WHITE, individually,
CLAY KOON, individually,
THE CITY OF BOONEVILLE, MISSISSIPPI, and
PRENTISS COUNTY, MISSISSIPPI                                                                  DEFENDANTS

MEMORANDUM OPINION

Benjamin Nelson commenced this suit to recover under Section 1983, claiming that Prentiss County Deputy Sheriff Reed Sparks beat him while he was being detained at the Prentiss County Jail. Plaintiff seeks relief from Deputy Sparks, Prentiss County, Mississippi, two Booneville, Mississippi Police Officers, and the City of Booneville.

In addition to his substantive Section 1983 claims, Plaintiff asserts that Prentiss County must indemnify Deputy Sparks for his wrongful conduct. Prentiss County filed a Motion for Partial Summary Judgment [31] as to the indemnity claim. The Court has considered the motion, responses, rules, and authorities, and finds as follows:

*Facts and Procedural Background*

In April 2014, Booneville Police Officers Eric White and Clay Koon arrested Plaintiff, believing that he entered the home of Deputy Sparks in order to avoid a safety checkpoint conducted by the Booneville Police. After his arrest, Plaintiff was transported to the Prentiss County Jail. The Complaint alleges that Deputy Sparks arrived at the jail, accosted Plaintiff, "pulled [him] into a nearby bathroom[,]" and "savagely beat" Plaintiff in reprisal for entering his home.

Relevant to this motion, Plaintiff claims that Deputy Sparks is liable for use of excessive force, and that Prentiss County is liable for failing to train and supervise Deputy Sparks. Plaintiff also seeks to have Prentiss County indemnify Deputy Sparks for any judgment against him pursuant to the statutory indemnity provision of the Mississippi Tort Claims Act ("MTCA"). MISS. CODE. ANN. § 11-46-7(3). At this stage, Prentiss County seeks dismissal of the indemnity claim only.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute

for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

The MTCA functions as the exclusive state-law "remedy against a governmental entity and its employees for acts or omissions which give rise to a suit." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 444 (5th Cir. 2015) (quoting *City of Jackson v. Sutton*, 797 So. 2d 977, 980 (Miss. 2001)); MISS. CODE. ANN. § 11-46-7. Through passage of the MTCA, the legislature waived the "immunity of the state and its political subdivisions" from tort liability. MISS. CODE. ANN. § 11-46-5(1).

In addition to now being liable under the MTCA in tort, governmental entities "shall be responsible" for defending and indemnifying damages claims "against an employee . . . arising out of any act or omission within the course and scope of his employment . . . ." MISS. CODE. ANN. § 11-46-7(3). Invoking this indemnity provision, Plaintiff asserts that if Deputy Sparks is found liable on the Section 1983 claim of excessive force, then Prentiss County will be required to satisfy the judgment against Deputy Sparks.

At the outset, the Court notes legitimate questions as to the indemnity provision's applicability in this type of case. Namely, it is unclear whether the statute requires indemnity for federal Section 1983 claims,[1] whether it could constitutionally do so,[2] and whether Plaintiff

---

[1] The current statute imposes a duty to defend and indemnify for "any *claim* . . . arising out of any act or omission within the course and scope of . . . employment . . . ." MISS. CODE. ANN. § 11-46-7(3) (emphasis added). But the Mississippi Attorney General has opined that a 1993 amendment to the statute removed the duty to "defend and indemnify an employee sued under federal law." Op. Miss. Att'y Gen. 2013-00500, 2014 WL 581500, at *3.

[2] In recent decisions, the Northern District of California and the Eastern District of Pennsylvania held that state laws requiring indemnity or contribution as to Section 1983 claims against government officials were preempted by Section 1983. *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1152-56 (N.D. Cal. 2015); *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 533 (E.D. Penn. 2014).

possesses standing to raise the indemnity issue.[3] Even assuming that it would generally apply, Plaintiff has nonetheless failed to state a claim for indemnity against Prentiss County.

As noted, Prentiss County's duty to indemnify extends only to acts that are "within the course and scope of [Deputy Sparks'] employment . . . ." MISS. CODE. ANN. § 11-46-7(3). For MTCA purposes, any conduct by Deputy Sparks that constitutes a non-traffic violation "criminal offense" would be *per se* beyond the course and scope of his employment. MISS. CODE. ANN. § 11-46-5(2); *see also City of Jackson v. Powell*, 917 So. 2d 59, 73 (Miss. 2005). Prentiss County posits that a finding in Plaintiff's favor on the excessive force claim would necessitate a finding that Deputy Sparks committed a criminal assault, thwarting the asserted indemnity claim.[4]

The crime of assault, as defined by Mississippi Code Section 97-3-7, includes "attempt[ing] to cause or purposely, knowingly or recklessly caus[ing] bodily injury to another" and "attempt[ing] by physical menace to put another in fear of immediate serious bodily harm . . . ." According to Plaintiff, after his arrest, Deputy Sparks went to the Prentiss County Jail, "pulled Plaintiff into a nearby bathroom and beat [Plaintiff]" by "striking [Plaintiff] with his fist." This conduct, if proven, would easily meet the criteria for criminal assault under Mississippi law. *See Kirk v. Crump*, 886 So. 2d 741, 746 (Miss. Ct. App. 2004) ("Officer Crump's assault upon [the plaintiff] . . . was a criminal offense . . . outside the scope and course of employment and beyond the protection of the MTCA."); *Tyson v. Jones Cnty., Miss.*, No.

---

[3] The MTCA specifically recognizes actions "by an employee against the government entity for . . . indemnification," MISS. CODE. ANN. § 11-46-7(6), but neither acknowledges nor explicitly forecloses indemnity actions initiated by the party suing the government official for damages. In interpreting a similar statute, one court has held that original plaintiffs are not within the "zone of interests" of the statute, and therefore lack standing. *Galvani v. Nassau Cnty. Police Indemnification Review Bd.*, 242 A.D. 2d 64, 67-69 (N.Y. App. Div. 1998).

[4] In its answer, Prentiss County altogether denies that Deputy Sparks beat Plaintiff. This does not, however, judicially estop Prentiss County from alternately asserting that such conduct would constitute a crime. *See Huffman v. Union Pacific R.R.*, 675 F.3d 412, 417 (5th Cir. 2012) (explaining that judicial estoppel applies only when "a position taken at one time in a suit [is] clearly inconsistent from that taken at another, and the party's earlier position [was] *accepted by the court*") (emphasis added); *see also* FED. R. CIV. P. 8(d) ("A party may set out 2 or more statements of a . . . defense alternatively or hypothetically . . . .").

2:07-CV-75-KS, 2008 WL 4602788, at *7 (S.D. Miss. Oct. 15, 2008) ("[T]here can be no dispute that the actions of excessive force alleged by [the plaintiff]—if proven—would constitute criminal acts . . . ."); *see also Powell*, 917 So.2d at 70 ("Physically abusing a person in custody is not one of the duties of law enforcement personnel.").

Thus, if Plaintiff's allegations of an assault are true, Prentiss County will not be forced to indemnify Deputy Sparks for a judgment against him. If they are false, there will be nothing to indemnify. *See Kilgo v. Tolar*, No. 1:13-CV-229-SA, 2015 WL 3484533, at *5 (N.D. Miss. June 2, 2015) ("For purposes of Prentiss County's entitlement to summary judgment, it is irrelevant whether such alleged conduct actually occurred or whether those actions taken constituted excessive force. Defendants cannot be held liable for actions taken outside the deputies' scope of employment . . . ."). Plaintiff has, accordingly, failed to create a genuine issue of fact on his indemnity claim.

Plaintiff requests that the Court excuse his failure to create a factual dispute, asserting that Prentiss County's motion is premature. Under Federal Rule of Civil Procedure 56(d), if Plaintiff "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court is permitted to "defer considering the motion or deny it; . . . allow time to obtain affidavits or declarations or to take discovery;" or "issue any other appropriate order." To demonstrate an entitlement to Rule 56(d) relief, the nonmovant "must set forth a plausible basis for believing the specified facts . . . probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citation and quotation omitted). If, however, "it appears that further discovery will not produce evidence creating a

genuine issue of material fact, the district court may grant summary judgment." *Id.* (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)).

Plaintiff's counsel has submitted an affidavit specifying the need for information concerning the course and scope of Deputy Sparks' employment at the time of the alleged assault. According to counsel, discovery is needed to determine whether Deputy Sparks was off duty or whether he was acting as Prentiss County Deputy Sheriff when he allegedly beat Plaintiff.

But importantly, further discovery on the questions counsel identifies would provide little assistance to Plaintiff's position on the current motion. The usual fact-intensive course and scope inquiry is unnecessary here, as Plaintiff plainly alleges conduct rising to the level of a crime that is *per se* beyond the course and scope of Deputy Sparks' employment. MISS. CODE. ANN. § 11-46-5(2); *Tyson*, 2008 WL 4602788, at *7. In other words, the action of committing an assault would be sufficient to place Deputy Sparks beyond the indemnity protections of the MTCA, regardless of his status as on duty or off duty. *Tyson*, 2008 WL 4602788, at *7; *see also Kirk*, 886 So. 2d at 746. Because it is apparent "that further discovery will not produce evidence creating a genuine issue of material fact," the Court declines to defer its summary judgment ruling. *Raby*, 600 F.3d at 561.

Plaintiff's allegations, if proven, would demonstrate criminal conduct on the part of Deputy Sparks. Thus, even if the MTCA's indemnity provision applies to Section 1983 claims and has been appropriately raised, Prentiss County would be under no duty to indemnify a judgment that may arise against Deputy Sparks. The claim against Prentiss County for indemnity is dismissed.

*Conclusion*

For the foregoing reasons, Prentiss County's Motion for Partial Summary Judgment [31] is GRANTED. A separate order to that effect shall issue this day.

SO ORDERED, this the 4th day of January, 2016.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**