IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BENJAMIN NELSON                                                              PLAINTIFF

VS.                                                CIVIL ACTION NO:  1:15CV26-SA-DAS

REED SPARKS, ET AL.                                                        DEFENDANTS

## ORDER

This matter is before the court on plaintiff's motion (#70) and seeks to strike defendant Prentiss County, Mississippi's designation of experts. Having considered the motion, the court finds that it should be granted for the reasons that follow.

## Background

Prentiss County timely served its designation of experts on December 17th, 2015. In its designation, Prentiss County designated four treating medical providers as expert witnesses: Gloria Gomez, M.D.; Roshundia McKenzie, FNMHNP-BC; Darryl Hampton, ADC; and Kiley P. Shafer, M.D. Though not explicitly stated in its expert designation, Prentiss County's response explains that their testimony would be limited to the care and treatment they provided plaintiff prior to, and after, the April 17th, 2014 incident in controversy. Plaintiff argues that Prentiss, County's expert designation should be stricken because its designation is noncompliant with the Federal Rules of Civil Procedure. Specifically, plaintiff submits that Prentiss, County's designation fails to disclose the subject matter on which the witnesses are expected to testify, as well as summaries of the facts and opinions of the witnesses.

## Discussion

With respect to treating physicians, the local rules of this court provide:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U. Civ. R. 26(a)(2)(D). Unlike the previous version of this rule, the present version no longer requires that all treating physicians be designated as experts. *Estate of Clarence Sims v. City of Aberdeen*, 2011 WL 132362, at *5 (N.D. Miss. Jan. 14, 2011). Rather, the current rule provides that physicians must be designated when they are "expected to be called to offer expert opinions." *Id*.

Here, the four treating medical providers may testify as fact witnesses regarding their care and treatment of plaintiff. They may also offer testimony concerning anything that is contained in the previously produced medical records. However, Prentiss County's expert designation is clearly deficient, as it merely lists the names of the four medical providers. The designation does not disclose the subject matter on which any of the medical providers are expected to present evidence, nor does it provide summaries of facts and opinions to which they are expected to testify. Therefore, the court finds that plaintiff's motion to strike should be granted.

IT IS, THEREFORE, ORDERED that plaintiff's motion to strike is granted and Gloria Gomez, Roshundia McKenzie, Darryl Hampton, and Kiley P. Shafer shall be prohibited from offering expert testimony at trial. However, IT IS FURTHER ORDERED that the four treating medical providers may testify as fact witnesses.

SO ORDERED this, the 6th day of January, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE